IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C.G., P.P., M.T, and S.W.,

      Plaintiffs,

v.                                                                                          CV 15-250 MCA/WPL

DOCTOR MARK WALDEN; JOHN/JANE DOES
(medical staff), in their individual and official capacities;
JOHN/JANE DOES (corrections officers), in their
individual and official capacities;
THE GEO GROUP, INC.; and CORIZON, INC.
(Corizon Healthcare Services "CHS");
CORRECTIONAL MEDICAL SERVICES, INC.;
WARDEN TIMOTHY B. HATCH, in his individual and
official capacity, and WARDEN ERASMO BRAVO, in
his individual and official capacity;

      Defendants.

**ORDER GRANTING MOTION TO STAY**

Defendant Mark Walden, M.D., has filed a motion to stay proceedings in this case pending a related criminal investigation. (Doc. 21.) Dr. Walden indicates that he received a target letter from the United States Department of Justice that informed him that he is the target of a criminal investigation regarding the same alleged events underlying this case. Dr. Walden argues that a stay is necessary to preserve his Fifth Amendment right against self-incrimination. Defendant Corizon does not oppose a stay of proceedings. (Doc. 27.) The Plaintiffs oppose the motion on the basis that there is no general Fifth Amendment protection from participation in civil litigation and that Dr. Walden's Fifth Amendment rights are only relevant in the context of specific questions asked during a deposition. (Doc. 26.) The remaining defendants took no position with regard to a stay.

Dr. Walden relies on *Chamberlin v. City of Albuquerque*, No. CIV 02-603 JB/ACT, 2003 WL 24130247 (D.N.M. Dec. 3, 2003) (unpublished), for the proposition that a civil litigant may assert the Fifth Amendment and obtain a stay of proceedings when he is the subject of a collateral criminal proceeding arising out of the same circumstances. Dr. Walden further suggests that *Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755 (D. Colo. Dec. 20, 2010) (unpublished), provides the operative framework for a court to weigh competing interests when determining whether a stay is appropriate.

In *Chamberlin*, the plaintiff brought an excessive force claim against the defendant-officer. The plaintiff was the subject of an on-going criminal prosecution based on the same incident and asserted his Fifth Amendment right after the defendant set the plaintiff's deposition. The plaintiff then sought a temporary stay of the civil case so that he would not be forced to choose between active participation in the civil case and his proper assertion of Fifth Amendment protections. The court noted that the plaintiff had "an absolute right not to reveal any potentially incriminating material," but that invocation of the Fifth Amendment could put the other party—otherwise on fairly even footing—at a disadvantage. *Chamberlin*, 2003 WL 24130247, at *4. To balance these competing interests, the court granted a stay of proceedings until the threat of criminal prosecution passed, so that the need to assert the Fifth Amendment privilege would become moot. *Id.* at *5.

The court in *Hilda M.* confronted similar issues when some of the defendants moved for a stay of proceedings pending the resolution of an on-going and collateral criminal case. 2010 WL 5313755, at *1-2. The court considered several factors when assessing the appropriateness of a stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have

      been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* at *3. The court ultimately determined that a stay was appropriate until the criminal proceedings were resolved and required the criminally-charged defendants to file quarterly status reports. *Id.* at *6.

      The Plaintiffs oppose the motion on the basis that the Fifth Amendment is not yet available to Dr. Walden because he was a state actor at the time of the alleged incidents and he has not yet been charged with a crime. The Plaintiffs argue that *Chamberlin* is inapposite because it is the defendants—not the plaintiff—seeking a stay, the plaintiff had already been indicted, and because the plaintiff in *Chamberlin* requested a 60-day stay, rather than an amorphous time period. Additionally, the Plaintiffs contend that a more appropriate assertion of Dr. Walden's Fifth Amendment rights will come on a question-by-question basis at any future deposition. Plaintiffs rely on *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985), for the proposition that the law does not require a stay of civil proceedings until the fear of criminal prosecution has passed. The Plaintiffs make no mention of *Hilda M.* or the factors that a court may considered when assessing the propriety of a stay. Finally, the Plaintiffs argue that the Fifth Amendment is inapplicable to these proceedings because they—the Plaintiffs—are not state actors and the Fifth Amendment only applies when a constitutional deprivation is caused by a federal actor. (Doc. 26 at 5.)

      The petitioners in *Ellison* sought a writ of mandamus from the Tenth Circuit after the district court denied their motion to stay proceedings, which was based on Fifth Amendment concerns over an on-going grand jury investigation and potentially forthcoming criminal charges, and entered a protective order. 767 F.2d at 687. The *Ellison* court reasoned that the decision to

grant or deny a stay of proceedings is within the trial court's discretion and, therefore, could be meaningfully reviewed on direct appeal rather than in a mandamus action. *Id.*

It is well settled that courts have the inherent power to manage their own dockets. *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010). Included in the power to manage their dockets is the discretion to temporarily stay civil proceedings under appropriate circumstances. *Ellison*, 767 F.2d at 687.

As to Plaintiffs' final argument, that they are not federal actors and therefore Dr. Walden's Fifth Amendment rights are inapplicable to this case, the law is clear that the Fifth Amendment not only "protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *In re Morganroth*, 718 F.2d 161, 164-65 (6th Cir. 1983) (citing *Lefkowitz v. Turley*, 414 U.S. 70, 94 (1973)). This argument is unavailing.

Plaintiffs make much of the idea that Dr. Walden should assert the Fifth Amendment privilege, if at all, on a question-by-question basis during a subsequent deposition. With a potential federal indictment on the horizon, it seems to be delaying the inevitable to allow discovery to proceed to the deposition stage before Dr. Walden asserts the privilege or waiting until an indictment is handed down to stay the case. I find that the *Hilda M.* factors are the appropriate guide in this case.

To the extent that Dr. Walden received a target letter from the United States Department of Justice regarding the incidents alleged in this case, it appears that the issues in the potential criminal case overlap nearly exactly with the issues in this case. While Dr. Walden has not yet been indicted, he has been made aware that he is the subject of a federal criminal investigation.

Additionally, this case is in its nascent stages: discovery has not yet opened and the parties remain on equal footing. The alleged incidents in this case took place between November 2011 and July 2013—more than a year and a half before this case was filed. (Doc. 1 Ex. 1 at 3-4.) While Plaintiffs certainly have an interest in proceeding expeditiously, they advance no argument as to how they would be prejudiced by a delay of proceedings pending the outcome of the criminal investigation. Dr. Walden certainly has an interest in not making incriminating statements or being required to choose between waiving the privilege and defending this lawsuit. With regard to the interests of the Court and the public, these factors appear to be neutral because resolution of the criminal case may speed resolution of the civil case, but both bear an interest in speedy resolution of both types of cases.

On balance, the *Hilda M.* factors counsel in favor of granting the stay.

IT IS ORDERED that Dr. Walden's motion to stay proceedings (Doc. 21) is granted and the case is stayed in its entirety until the criminal investigation and proceedings are completed or until further order of the court. Any party may move to vacate the stay if circumstances change. Additionally, the Initial Scheduling Conference set for September 30, 2015, at 9:30 a.m. is hereby vacated. Finally, Dr. Walden will submit quarterly status reports, beginning December 28, 2015, and continuing until further order of the court, regarding the status of the criminal investigation and proceedings against him.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.