IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

C.G., P.P., M.T, and S.W.,

      Plaintiffs,

v.                                                                CV 15-250 MCA/WPL

DOCTOR MARK WALDEN; JOHN/JANE DOES
(medical staff), in their individual and official capacities;
JOHN/JANE DOES (corrections officers), in their
individual and official capacities;
THE GEO GROUP, INC.; and CORIZON, INC.
(Corizon Healthcare Services "CHS");
CORRECTIONAL MEDICAL SERVICES, INC.;
WARDEN TIMOTHY B. HATCH, in his individual and
official capacity, and WARDEN ERASMO BRAVO, in
his individual and official capacity;

      Defendants.

**ORDER**

On September 28, 2015, I granted Dr. Walden's motion to stay this case in its entirety until the criminal investigation and proceedings are completed or until further order of the court. (Doc. 35.) Plaintiffs have now filed an opposed motion to lift the stay and reopen discovery (Doc. 47), and they are willing to limit discovery so as not to infringe upon Dr. Walden's Fifth Amendment rights (*see* Doc. 57). As explained herein, I grant the motion to reopen discovery, subject to several limitations.

When granting the initial stay, I relied on *Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755 (D. Colo. Dec. 20, 2010) (unpublished), for the operative framework to weigh competing interests and determine whether a stay is appropriate, and *Chamberlin v. City of Albuquerque*, No. CIV 02-603 JB/ACT, 2003 WL 24130247 (D.N.M. Dec. 3, 2003)

(unpublished), for the proposition that a civil litigant may assert the Fifth Amendment and obtain a stay of proceedings when he is the subject of a collateral criminal proceeding arising out of the same circumstances. The circumstances surrounding the criminal investigation remain largely unchanged: Dr. Walden has not been indicted, but has also not received notice that the criminal investigation has terminated.

Plaintiffs now reassert their argument that discovery can be conducted that will not require Dr. Walden to incriminate himself, that Dr. Walden is not entitled to an indefinite stay purely because he is under criminal investigation, and that a protracted stay will impair their ability to fairly present their claims.

I held a joint hearing with Judge Molzen on this matter and a related case on June 8, 2016. (*See* Doc. 62.) At the hearing, the parties indicated that a Department of Justice representative has told them that the criminal investigation of Dr. Walden is ongoing, but they hope to have an indictment decision within six months. Corizon argued strongly that it cannot defend this case without the participation of Dr. Walden, and that any discovery taken without Dr. Walden would need to be redone when Dr. Walden enters the case. This is not correct. Because Dr. Walden is already a defendant in the case, he would not have the opportunity to retake any discovery after the stay is lifted.

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Therefore, it is within the Court's sound discretion to determine whether a stay of proceedings is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") Given that Dr. Walden

has not been indicted and it is unclear when, or if, charges will be brought against him, I find that it is now appropriate to reconsider the stay. The factors in *Hilda M.* still apply. Those factors are:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant[] [has] been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay; (4) the private interests of and burden on the defendant[]; (5) the interests of the courts; and (6) the public interest.

*Id.*, 2010 WL 5313755, at *3.

As to factor 1, it continues to appear that the issues in the potential criminal case overlap nearly exactly with the issues in this case. (Doc. 35 at 4.) Accordingly, factor 1 weighs in favor of continuing the stay.

With respect to factor 2, Dr. Walden has still not been indicted. While this case is unusual, it is worth noting that "[p]re-indictment requests of a stay of civil proceedings are generally denied." *Hilda M.*, 2010 WL 5313755, at *4 (quoting *Gala Enters. Inc. v. Hewlett Packard Co.*, No. 96 Civ. 1864 (DC), 1996 WL 732636, at *2 (S.D.N.Y. Dec. 20, 1996) (unpublished)). This case has been stayed for approximately nine months—since September 2015. The incidents at issue in these cases occurred in late 2011 and early 2012. The Department of Justice investigation has been ongoing for at least three years. Most federal criminal offenses, other than capital crimes, carry a five-year statute of limitations for commencement of the criminal case by indictment or information. *See* 18 U.S.C. § 3282. Under the circumstances, this factor weighs in favor of lifting the stay.

The analysis with respect to factor 3 has shifted substantially since the initial order granting the stay. While Plaintiffs failed to clearly articulate the prejudice which they would suffer by a continued delay in proceedings, it does appear that Plaintiffs' interest in proceeding

expeditiously should weigh more heavily now that the case has been delayed for nine months. This factor, too, weighs in favor of lifting the stay.

As for the fourth factor, Dr. Walden continues to have an interest in not making incriminating statements or being required to choose between waiving his Fifth Amendment privilege and defending this lawsuit. "A litigant in a civil action may unquestionably assert a Fifth Amendment privilege and refuse to reveal information properly subject to the privilege." *Sanchez v. Brokop*, 398 F. Supp. 2d 1177, 1183 (D.N.M. 2005). "However, a litigant asserting the privilege may have to accept certain bad consequences that flow from that action[, including any] adverse inferences [that] may be drawn against a party who refuses to testify in response to probative evidence offered against them." *Id.* However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts*, 563 F.3d at 1080 (alteration in original) (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)). Further, while Dr. Walden retains the Fifth Amendment privilege against self-incrimination, the other parties—particularly Corizon and the GEO Group—do not have the benefit of the privilege. Under the unique circumstances of this case, I find that this factor weighs in favor of continuing the stay as to Dr. Walden, but counsels toward lifting the stay as to the other Defendants.

With regard to factors 5 and 6, there are several civil cases pending against Dr. Walden in this Court. Presently, all of those cases are stayed. I must consider the impact of lifting the stay in this case and the potential for inconsistent results, which would degrade the aims of judicial economy. The Court has a discernible interest in promptly resolving civil cases. Continuing the stay does not serve this end. However, the court also has an interest in judicial economy and not needlessly creating additional issues, such as those surrounding Dr. Walden's inevitable

assertion of his Fifth Amendment privilege. I find that the Court's interest weighs in favor of partially lifting the stay: some discovery may help narrow and limit the issues in this case—and other cases like it—and can be tailored to prevent additional disputes over assertion of the privilege. Additionally, the public continues to have an interest in speedy resolution of the civil case and any potential criminal case, and resolution of any criminal matters may speed resolution of the civil case. On balance, I find that these factors weigh in favor of maintain the stay as to Dr. Walden and lifting the stay as to the remaining Defendants.

In light of the foregoing, I grant Plaintiffs' motion to lift the stay, subject to the following limitations. The parties may engage in all formal discovery, including depositions, interrogatories, and requests for admission or production, except that no party may depose, propound interrogatories upon, or send requests for admission to Dr. Walden. Any party may send requests for production to Dr. Walden, to the extent that they request treatment records within Dr. Walden's control or information on Dr. Walden's education and employment history. To the extent that Dr. Walden fears that specific requests for production may require him to invoke the Fifth Amendment, Dr. Walden may seek a protective order, on an expedited basis, within ten days of receiving such requests.

Plaintiffs may seek to amend the pleadings or join additional parties no later than **July 11, 2016**. Defendants may seek to amend the pleadings or join additional parties no later than **August 9, 2016**.

A maximum of **50 interrogatories, 50 requests for admission, and 50 requests for production** are allowed by each party to any other party, subject to the above limitation with respect to Dr. Walden. A maximum of **10 depositions** are allowed by Plaintiffs, and a maximum of **15 depositions** are allowed by Defendants. Each deposition is limited to a maximum of **4**

**hours**, other than depositions of the parties and experts. Depositions of the parties and experts shall not exceed **7 hours**.

The termination date for discovery, except for potential discovery from Dr. Walden, is **March 7, 2017**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **March 14, 2017**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-one-day time limit in D.N.M.LR-Civ. 26.6.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See* FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiffs shall identify in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports under Rule 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **September 8, 2016**. All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports under Rule 26(a)(2)(B) or summary disclosures under Rule 26(a)(2)(C) no later than **October 10, 2016**.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **March 21, 2017**. See D.N.M.LR-Civ. 7 for motion practice requirements

and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Deadlines related to the pretrial order will be set by the presiding judge at a later time.

IT IS SO ORDERED.

                                                  William P. Lynch
                                                  United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.