IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S.W.,

    Plaintiff,

vs.                                                Civ. No. 15-250 KG/JHR

THE GEO GROUP, INC.; and
JOHN/JANE DOEs (correction officers);
in their individual and official capacities;
WARDEN TIMOTHY B. HATCH,
in his individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants The Geo Group, Inc. and Warden Timothy B. Hatch's (collectively, Defendants) omnibus Motion for Summary Judgment and Memorandum of Law in Support (Motion for Summary Judgment), filed October 31, 2017. (Doc. 106). Plaintiff filed a response on November 21, 2017, and Defendants filed a reply on January 15, 2018. (Docs. 108 and 112). Having reviewed the Motion for Summary Judgment, the accompanying briefs, and attached exhibits, the Court grants the Motion for Summary Judgment and denies Plaintiff's request to file a third amended complaint.

As an initial matter, the Court notes that Defendants object to some of Plaintiff's responses to Defendants' statement of undisputed facts and to Plaintiff's statement of undisputed facts as not relevant or consisting of inadmissible attorney argument or hearsay. The Court will consider all of the proffered evidence and simply disregard evidence which is substantively inadmissible. *See Bd. Of Trustees of Cal. Winery Workers' Pension Tr. Fund. v. Giumarra Vineyards,* 2018 WL 1155988 at *3 (E.D. Cal.) (holding that party opposing summary judgment

"should argue the sufficiency of the evidence rather than make" objections based on relevancy because such objections are "duplicative of the summary judgment standard;" and that court should disregard "evidence [that] is irrelevant, immaterial, speculative, or argumentative"); *Prudential Ins. Co. of Am. v. Textron Aviation, Inc.*, 2018 WL 1992423 *2 (D. Kan.) (holding that, instead of striking inadmissible evidence proffered in summary judgment context, court should "consider each [piece of proffered evidence] and, to the extent it may assert a fact which is not admissible evidence, simply exclude the requested fact from the court's ultimate findings").

A.  *Summary of Material Facts Viewed in the Light Most Favorable to Plaintiff*[1]

At all material times, Plaintiff was a prisoner housed at the Northeast New Mexico Detention Facility (NENMDF), a facility operated by The GEO Group, Inc. and where Timothy Hatch served as Warden. This lawsuit arises from Plaintiff's claim that in 2012 Dr. Mark Walden, a NENMDF physician and former Defendant in this lawsuit, sexually assaulted him.[2] (Doc. 98) at ¶¶ 17-18.

On July 16, 2013, NENMDF Lieutenant D. Willard charged Plaintiff in a Misconduct Report with, among other things, sexual misconduct for allegedly exposing his genitalia to a female classification manager, Angela Lucero, when Plaintiff was ordered out of the shower to view a mandatory Prison Rape Elimination Act (PREA) video. (Doc. 106-1) at 19. Aside from Lucero and Lt. Willard, several other staff members were present during this incident. *Id.* On July 18, 2013, Lucero stated in an email to the disciplinary hearing officer that she noticed Plaintiff "in the shower area dressed in his boxers." (Doc. 106-1) at 34.

---

[1] Unless otherwise noted, this summary of material facts consists of undisputed facts.

[2] Plaintiff settled with Dr. Walden and Corizon, LLC. *See* (Doc. 96) at ¶ 2.

Also, on July 18, 2013, Plaintiff was placed in segregation as a result of the shower incident, where he remained until January 11, 2014. (Doc. 106-3) at 2, ¶ 5. After a July 30, 2013, hearing on the Misconduct Report, on August 7, 2013, the disciplinary hearing officer found Plaintiff guilty of sexual misconduct, among other things, and recommended segregation as discipline. (Doc. 106-1) at 23. On August 23, 2013, Plaintiff appealed the disciplinary hearing officer's decision. *Id.* at 24-29. On August 27, 2013, Warden Hatch upheld the disciplinary hearing officer's decision. *Id.* at 30-31. Then, in May 2015, Plaintiff filed a state habeas corpus petition to challenge Warden Hatch's decision. (Doc. 106-1). On July 16, 2015, the state district judge dismissed the petition noting there was no clearly apparent violation of policy or law, and that "Petitioner's disagreement with disciplinary outcome is insufficient grounds for relief." (Doc. 106-2) at 1-2. "Plaintiff agrees he exhausted administrative and judicial efforts to reverse the charges and the sanction of 285 days of disciplinary segregation…." (Doc. 108) at 5, ¶ C.

The day Plaintiff began his term of segregation, on July 18, 2013, Plaintiff completed a written Inmate Informal Complaint accusing Dr. Walden of sexually abusing him. (Doc. 106-4). The Inmate Informal Complaint was forwarded to the New Mexico State Police in August 2013. *Id.* On August 2, 2013, Plaintiff, also, submitted a written Inmate Grievance against Dr. Walden. (Doc. 106-6) at 1. On August 26, 2013, the Inmate Grievance was referred to the New Mexico State Police and the New Mexico Corrections Department PREA coordinator. *Id.* at 6. The referral notes that Plaintiff did not request relief for the grievance. *Id.* Plaintiff acknowledges that he was advised of this referral "on August 26 and 27, 2013." (Doc. 108) at 6, ¶ H.

At some point, Plaintiff gave a statement to Mrs. Hatch, Warden Hatch's wife and a PREA coordinator, about Dr. Walden's conduct. (Doc. 106-5) at 3, depo. at 38; (Doc. 108-4) at

3

3, depo. at 66. Plaintiff, however, never received a determination from either the New Mexico State Police or a PREA coordinator on his complaints against Dr. Walden. (Doc. 106-5) at 3, depo. at 39; (Doc. 108-4) at 3, depo. at 67. When Plaintiff asked the New Mexico State Police about the referral of his complaints against Dr. Walden, he was informed that these investigations take time and to be patient. (Doc. 106-5) at 3, depo. at 39.

During the early part of his segregation, Plaintiff also wrote an undated letter to Warden Hatch. (Doc. 106-7); (Doc. 106-5) at 5, depo. at 47. In the letter, Plaintiff explained to Warden Hatch that he was in segregation as retaliation for reporting "sexual harassment" by Dr. Walden and others. (Doc. 106-7) at 1. Plaintiff, further, alleges that Lt. Willard made "false accusations" about Plaintiff exposing himself to Lucero, which resulted in the segregation. *Id.*

"Plaintiff admits that his placement in segregation did not interfere with his ability to challenge the disciplinary charges and sanctions, including the sanction of disciplinary segregation … nor did it interfere with his ability to utilize the inmate grievance system." (Doc. 108) at 7, ¶ K. Nonetheless, while in segregation, Plaintiff did not have phone access or commissary access for the first 60 days, and Plaintiff could not meet other inmates, work, or engage in regular outdoor recreation. (Doc. 106-5) at 6-7, depo. at 50, 54.

B. *Plaintiff's Second Amended Complaint for Civil Rights Violations (Second Amended Complaint) (Doc. 98)*

Plaintiff brings the Second Amended Complaint pursuant to 42 U.S.C. § 1983 for violations of his First Amendment rights under the United States Constitution.[3] (Doc. 98) at 1.

---

[3] Although Plaintiff refers to a denial of his Fourteenth Amendment due process rights in ¶ 31 of the Second Amended Complaint, it is clear from the Second Amended Complaint, Plaintiff's response to the Motion for Summary Judgment, and Plaintiff's motion to amend the first amended complaint that Plaintiff is bringing only a First Amendment claim in the Second Amended Complaint. *See* Second Amended Complaint (Doc. 98) at 1 ("Plaintiff brings this Complaint under 42 U.S.C. § 1983 … for violations arising under the First Amendment to the

Specifically, Plaintiff contends that Defendants retaliated against him for exercising his First Amendment right to free speech. *Id.* at ¶¶ 27-44. Plaintiff alleges that after he filed formal and informal grievances against Dr. Walden, "he was denied access to his full medical records by medical and prison staff," he was placed in segregation "upon fabricated charges of sexual misconduct," and his grievances against Dr. Walden were not investigated or responded to by Defendants. *Id.* at ¶¶ 28, 29, and 32.

C.   *Summary Judgment Standard*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

---

United States Constitution") and at 4 (title of Count I, the only count, reads: "(1983 First Amendment Violation-Retaliation);" Response (Doc. 108) at 1 ("This remaining single Count Complaint represents allegations of First Amendment Retaliation…."); and Unopposed Motion for Leave to File Second Amended Complaint to Extend Certain Case Management Deadlines (Doc. 96) at ¶ 2 (having eliminated allegations and claims that had settled, Plaintiff "has concurrently provided clarification and elucidation of his First Amendment Retaliation claim by Plaintiff S.W., re-pled from its original 8th amendment claim").

*D.  Discussion*

Defendants argue that in their omnibus Motion for Summary Judgment that the Court should dismiss all of Plaintiff's claims against them because (1) the First Amendment retaliation claim based on Plaintiff's segregation fails as a matter of law, and (2) Plaintiff has not demonstrated that Warden Hatch personally committed a constitutional violation.  Plaintiff opposes the Motion for Summary Judgment, but, in the alternative, he asks for an opportunity to file a third amended complaint to add Lt. Willard as a party if the Court concludes that Warden Hatch is not "at fault for the original false and retaliatory report filed by Lt. Willard." (Doc. 108) at 12.  Plaintiff more generally seeks to file a third amended complaint "if necessary to comport with the ruling of the Court, add or terminate current witnesses as Parties, or otherwise clarify the remaining claims." (Doc. 108) at 14.

    *1.  First Amendment Retaliation Claim Based on Segregation*

To show First Amendment retaliation, a plaintiff must prove:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007).  Defendants argue that, as a matter of law, the undisputed evidence shows that Plaintiff does not meet the second and third elements necessary to establish a First Amendment retaliation claim.

    *a.  Element 2:  Chilling Effect*

With respect to the chilling effect element, the Tenth Circuit has stated that the "standard of a person of ordinary firmness is a vigorous standard." *Eaton v. Meneley*, 379 F.3d 949, 956 (10th Cir. 2004).  The standard is also "objective, rather than subjective" and "a trivial or de

6

minimis injury will not support a retaliatory prosecution claim." *Id.* at 955-56 (quotation marks omitted).

Defendants contend that Plaintiff has not presented any facts to show that their actions stopped or dissuaded Plaintiff from exercising his First Amendment right to make complaints about Dr. Walden or to challenge the disciplinary charges leading to segregation. This contention, however, applies a subjective standard not applicable to the chilling effect element.

Moreover, Defendant contends that the segregation conditions of confinement were not objectively harsh enough to chill First Amendment activities. The undisputed evidence shows that Plaintiff did not have phone access or commissary access for the first 60 days in segregation, and that he could not meet other inmates, work, or engage in regular outdoor recreation. (Doc. 106-5) at 6-7, depo. at 50, 54. A reasonable jury viewing that evidence in the light most favorable to Plaintiff could not find that these restrictions are objectively "trivial or de minimus." As the Ninth Circuit held, "A jury could certainly find that the threat of administrative segregation would chill a 'person of ordinary firmness' from complaining about officer misconduct." *Shepard v. Quillen*, 840 F.3d 686, 691 (9th Cir. 2016). Defendants' summary judgment argument based on the second element of the First Amendment retaliation test fails.

    b.    *Element 3: Causation*

In the context of an inmate First Amendment retaliation case, the causation element requires the inmate to "prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). The undisputed evidence shows that Plaintiff reported Dr. Walden's alleged sexual abuse for the first time on the day he was placed in segregation, July 18, 2013. *See* Informal Complaint (Doc. 106-4). Plaintiff made other complaints against Dr.

7

Walden after Plaintiff began his term of segregation. *See* Inmate Grievance (Doc. 106-6) at 1; letter to Warden Hatch (Doc. 106-7) at 1. Considering that these complaints occurred after Lt. Willard wrote his July 16, 2013, Misconduct Report, Plaintiff cannot show that, "but for" his complaints about Dr. Walden's inappropriate behavior, Lt. Willard would not have written the July 16, 2013, Misconduct Report, the reason for Plaintiff's segregation. In other words, as a matter of law, Plaintiff's later complaints about Dr. Walden's inappropriate behavior could not have substantially motivated Lt. Willard to write the Misconduct Report on July 16, 2013. Plaintiff, therefore, fails to show he can meet the causation element. Hence, Defendants are entitled to summary judgment on the First Amendment retaliation claim based on the alleged "false accusations" in Lt. Willard's Misconduct Report and Plaintiff's resulting segregation.

        *c.*        *Warden Hatch's Personal Involvement*

Defendants note that when a warden is sued in a supervisory role, a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation," which requires proof of three interrelated elements: "(1) personal involvement; (2) causation; and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Defendants argue that Plaintiff has not come forth with evidence that Warden Hatch personally retaliated against Plaintiff for exercising his First Amendment rights.

Plaintiff asserts that Warden Hatch "personally *failed to act* and terminate the segregation, after he received written letters from the Plaintiff S.W." (Doc. 108) at 11. The undisputed evidence shows that Plaintiff's Inmate Informal Complaint was forwarded to the New Mexico State Police in August 2013 and that the Inmate Grievance was referred to the New Mexico State Police and the PREA coordinator in August 2013 as well. (Doc. 106-4); (Doc.

8

106-6) at 6. This undisputed evidence demonstrates that Warden Hatch and others at NENMDF did not fail to act upon Plaintiff's complaints about Dr. Walden's inappropriate behavior.

Plaintiff further contends that Warden Hatch personally failed to terminate the segregation upon receiving Plaintiff's post-segregation letter asserting retaliation for reporting Dr. Walden's "sexual harassment" and that Lt. Willard falsely accused Plaintiff of engaging in sexual misconduct. It is undisputed that on August 27, 2013, after Plaintiff began his segregation on July 18, 2013, Warden Hatch upheld the disciplinary hearing officer's decision to place Plaintiff in segregation. (Doc. 106-1) at 30-31. As such, Warden Hatch was personally involved in continuing Plaintiff's term of segregation.

Even so, Plaintiff must show that Warden Hatch's decision to continue the segregation constituted retaliation for Plaintiff's written complaints about Dr. Walden and Lt. Willard. "An inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.'" *Peterson*, 149 F.3d at 1144 (quoting *Frazier v. Dubois,* 922 F.2d 560, 562 n. 1 (10th Cir.1990) (emphasis added)). Neither a "conjectural and conclusory" assertion of retaliatory motive, mere engagement in protected speech, "temporal proximity between protected activity and a challenged prison action," nor an "isolated mistake" alone provide the necessary causal nexus for a First Amendment retaliation claim. *Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010). It is well-established that "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144.

In this case, Plaintiff does not present any specific facts to show that, "but for" Plaintiff's complaints about Dr. Walden and Lt. Willard, Warden Hatch would not have kept Plaintiff in segregation. Plaintiff merely points out that the Inmate Informal Complaint, Inmate Grievance,

9

and, possibly, his undated letter to Warden Hatch predate Warden Hatch's August 27, 2013, determination to uphold the disciplinary hearing officer's decision to place Plaintiff in segregation. The temporal proximity between the complaints and Warden Hatch's August 27, 2013, determination as well as Plaintiff's exercise of protected speech, alone, do not show the necessary causation for a First Amendment retaliation claim against Warden Hatch. It is also telling that the state district court judge denied Plaintiff's habeas corpus petition that challenged Warden Hatch's determination to uphold the disciplinary hearing officer's decision to place Plaintiff in segregation. Nonetheless, Plaintiff has not provided any evidence to indicate that Warden Hatch's apparent failure to consider Lucero's email that she saw Plaintiff in his boxers in making his August 27, 2013, determination was nothing more than an isolated mistake. Furthermore, the undisputed fact that Warden Hatch and others at NENMDF acted on Plaintiff's Inmate Informal Complaint and Inmate Grievance against Dr. Walden by referring them to the New Mexico State Police and the PREA coordinator demonstrates a lack of intent or motive to retaliate against Plaintiff for complaining about Dr. Walden. A reasonable jury viewing the above undisputed evidence in the light most favorable to Plaintiff could not find that Warden Hatch's decision to keep Plaintiff in segregation was substantially motivated by Plaintiff's written complaints about Dr. Walden or Lt. Willard. Consequently, Plaintiff has not presented evidence that he meets the causation element for either a supervisory liability claim or a First Amendment retaliation against Warden Hatch. For these reasons, Warden Hatch is entitled to summary judgment on the First Amendment retaliation claim based on his alleged inaction and decision to keep Plaintiff in segregation.

### d. Conclusion

The Court notes that Plaintiff mentions in his Second Amended Complaint and in his response to the Motion for Summary Judgment that he was also retaliated against in violation of the First Amendment by "medical and prison staff" denying him "access to his full medical records…." (Doc. 98) at ¶ 22; (Doc. 108) at 2. Plaintiff, however, does not substantively address his First Amendment retaliation claim based on denial of medical records in his response to the omnibus Motion for Summary Judgment, which focuses on the First Amendment retaliation claims based on segregation and Warden Hatch's actions or inactions. "It is well settled that abandonment [of a claim] may occur where a party asserts a claim in its complaint, but then fails to address the issue in response to an omnibus motion for summary judgment." *Anglers of the Au Sable v. U.S. Forest Serv.*, 565 F. Supp. 2d 812, 839 (E.D. Mich. 2008). That is the case here. Thus, the Court deems the First Amendment retaliation claim based on a denial of medical records abandoned. *See also Braswell v. Cincinnati Inc.*, 731 F.3d 1081, 1093–94 (10th Cir. 2013) (finding that when defendant did not mention negligence claim in motion for summary judgment and plaintiff also did not mention negligence claim in response to motion for summary judgment, plaintiff did not sufficiently pursue negligence claim). Accordingly, the Court will enter summary judgment in favor of Defendants and dismiss with prejudice this lawsuit, in its entirety, as to them.

Furthermore, the Court can dismiss claims against John/Jane Does without prejudice if the plaintiff has failed to identify them before the close of discovery. *See Floyd v. U.S. Bank Nat'l Ass'n*, 242 F. Supp. 3d 764, 772 (S.D. Ind. 2017), *aff'd sub nom. Linderman v. U.S. Bank Nat'l Ass'n*, 887 F.3d 319 (7th Cir. 2018) (citing *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007)). In this case, "except for potential discovery from Dr. Walden," discovery

terminated on March 7, 2017, and Plaintiff has still not identified Defendants John/Jane Does. *See* Order (Doc. 63) at 6, filed June 10, 2016. Consequently, the Court will *sua sponte* dismiss the claims against Defendants John/Jane Doe corrections officers without prejudice.

        2.     *Request to File a Third Amended Complaint*

Plaintiff seeks an opportunity to file a third amended complaint should the Court decide against him on the Motion for Summary Judgment. Plaintiff proposes to add Lt. Willard as a party[4] and "if necessary to comport with the ruling of the Court, add or terminate current witnesses as Parties, or otherwise clarify the remaining claims." (Doc. 108) at 14. Although Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires," this rule is not without limitations. *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014). Federal Rule Civil Procedure 7(b)(1) "requires a request for relief to be made by a motion that (1) is in writing, (2) 'states with particularity the grounds for seeking the order,' and (3) specifies the relief sought." *Id.* (quoting Rule 7(b)(1)). The Tenth Circuit recognizes the importance of Rule 7(b)(1) and has "held that normally a court need not grant leave to amend when a party fails to file a formal motion." *Id.* For example, a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based. *Id.*

Here, Plaintiff submits only "a bare request" to amend the Second Amended Complaint in his response to the Motion for Summary Judgment. Moreover, Plaintiff does not submit a proposed third amended complaint as required by D.N.M. LR-Cv 15.1 ("A proposed amendment to a pleading must accompany the motion to amend."). Plaintiff also does not explain why the

---

[4] Plaintiff does not identify Lt. Willard as a John Doe Defendant.

Court should grant the request to file a third amended complaint so late in the lawsuit. *See Auston v. Schubnell*, 116 F.3d 251, 255 (7th Cir. 1997) (adding claim at summary judgment stage "is too late in the day"); *Ricks v. New Mexico Probation and Parole Dept, et al.*, Civ. No. 11-608 LH/LFG, (Doc. 71) at 21 (construing response to motion for summary judgment as request to amend and denying request as untimely and prejudicial when court previously granted leave to amend complaint and the time for filing additional amendments "had long since passed"). Without any substantive argument or more specific allegations upon which to determine whether to grant a request to file a third amended complaint, the Court denies that request.

IT IS ORDERED that

1. Defendants' Motion for Summary Judgment and Memorandum of Law in Support (Doc. 106) is granted;

2. summary judgment will be entered in favor of Defendants The Geo Group, Inc. and Warden Hatch and this case will be dismissed with prejudice as to them;

3. Plaintiff's claims against Defendants John/Jane Does corrections officers will be dismissed without prejudice; and

4. Plaintiff's request to file a third amended complaint is denied.

_____
UNITED STATES DISTRICT JUDGE